**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

KEVIN R. BECKWITH, SR.,

      Petitioner,

v.                                    CASE NO. 8:07-CV-1715-T-30MSS

STATE OF FLORIDA,

      Respondent.

_____/

## ORDER

This cause is before the court upon Petitioner Kevin Beckwith's ("Beckwith") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Beckwith challenges his 2005 conviction entered by the Thirteenth Judicial Circuit Court, Hillsborough County, Florida. (Dkt. 1). Respondent has filed a response/motion to dismiss the petition (Dkt. 6), and Beckwith has filed a reply thereto (Dkt. 9).

**Background**

Beckwith was charged by Information dated April 28, 2005, with possession of cocaine with intent to deliver within 1000 feet of a school, driving while license revoked, and obstructing or opposing an officer without violence (Dkt. 7, Ex. 8 at 12). On July 23, 2005, Beckwith's attorney filed a motion to suppress any and all evidence or testimony which resulted in Beckwith's arrest on the ground that the search and seizure of Beckwith was illegal because the police had no reasonable suspicion that Beckwith had committed, was

committing, or was about to commit a crime (Id. at 22-25).  On August 29, 2005, the state

trial court held an evidentiary hearing on Beckwith's motion to suppress (Id. at 76-128).  The

State presented the testimony of Officers Seal, Rhodes, and Hansen, Beckwith's attorney

cross-examined Officers Seal and Hansen and chose not to present any witnesses or evidence

on Beckwith's behalf, and the trial court allowed both parties to present closing arguments

(Id.).  Following counsels' arguments, the trial court denied Beckwith's motion to suppress

the evidence (Id. at 123-124).

Following the denial of his motion to suppress, Beckwith entered a guilty plea on

October 11, 2005. (Id. at 30-33; 129-143).  Beckwith preserved his right to appeal the trial

court's denial of his motion to suppress. (Id. at 30; 133).  The trial court thereafter sentenced

Beckwith to a term of imprisonment of 5 years. (Id. at 35).

Beckwith timely filed a direct appeal, and in his initial brief raised only one issue:

whether the trial court erred when it denied his motion to suppress.  (Dkt. 7, Ex. 2).  On

March 28, 2007, in Case No. 2D06-2473, the state district court of appeal per curiam

affirmed his conviction. (Dkt. 7, Ex. 4). *See Beckwith v. State*, 956 So. 2d 461 (Fla. 2d DCA

2007) [Table].  Beckwith filed a motion for rehearing and rehearing en banc which the state

district court of appeal struck as unauthorized on May 15, 2007. (Dkt. 7, Exs. 5-6). The

mandate issued on June 1, 2007.  (Dkt. 7, Ex. 7).

The instant pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254

was signed and dated by Beckwith on September 21, 2007, and received by this Court on

September 24, 2007.  (Dkt. 1).  The petition is timely. Upon review of the record, Beckwith's

2

petition must be DENIED.

**Standard of Review**

Pursuant to 28 U.S.C. § 2254(a), as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), enacted and effective on April 24, 1996, "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where a state court initially considers the issues raised in the petition and enters a decision on the merits, 28 U.S.C. § 2254(d) governs the review of those claims. *See Penry v. Johnson*, 532 U.S. 782, 792 (2001); *Henderson v. Campbell*, 353 F.3d 880, 889-90 (11th Cir. 2003).

Habeas relief may not be granted with respect to a claim adjudicated on the merits in a state court unless the adjudication of the claim: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d). *Price v. Vincent*, 538 U.S. 634, 638-39 (2003); *Clark v. Crosby*, 335 F.3d 1303, 1308 (11th Cir. 2003). Even where a state court denies an application for post-conviction relief without written opinion, in this circuit that decision is entitled to the same deference as if the state court had entered written findings to support its decision. *See Wright v. Sec. of Dep't of Corrs.*, 278 F.3d 1245, 1255 (11th Cir. 2002) ("[T]he statutory language [in § 2254(d)(1)] focuses on the result, not the reasoning that led to the

result, and nothing in that language requires the state court adjudication that has resulted in a decision to be accompanied by an opinion that explains the state court's rationale). Finally, a state court's factual finding is presumed to be correct, and a petitioner must rebut the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Henderson*, 353 F.3d at 890-91.

Since Beckwith's conviction was entered after the AEDPA was enacted, his petition is subject to the provisions thereof. Because a state court initially considered the issues raised in the petition, § 2254(d) governs the review of Beckwith's claim. *See Mobley v. Head*, 267 F.3d 1312, 1316 (11th Cir. 2001).

**Discussion**

**Ground One**

Beckwith raises one claim in his petition which relates to his motion to suppress presented to the state trial court. Specifically, he contends that the state trial court erred when it denied his motion to suppress evidence because the evidence was obtained by the police pursuant to an illegal search and seizure.

This claim was exhausted in the state courts in Beckwith's motion to suppress, the hearing on the motion to suppress, and on direct appeal of the denial of the motion to suppress. (Dkt. 7, Ex. 8 at 22-25; 76-128; Ex. 2; Ex. 4). To the extent that Beckwith's claim raises a challenge under the Fourth Amendment of the United States Constitution, the claim is not subject to federal habeas review. *See Stone v. Powell*, 428 U.S. 465 (1976). In *Stone*, the United States Supreme Court determined that "where the State has provided an

opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Id.* at 494. This rule applies to convictions whether based upon a guilty plea or a jury's verdict. *See Mingo v. Witt*, 2007 U.S. Dist. LEXIS 11676, 2007 WL 570005 at *1 (M.D. Fla., Feb. 20, 2007) (citation omitted).

In applying *Stone*, the Eleventh Circuit has interpreted "full and fair consideration" as follows: "For a claim to be fully and fairly considered by the state court, where there are facts in dispute, full and fair consideration requires consideration by the fact-finding court, and at least the availability of meaningful appellate review by a higher state court. Where, however, the facts are undisputed, and there is nothing to be served by ordering a new evidentiary hearing, the full and fair consideration requirement is satisfied where the state appellate court, presented with an undisputed factual record, gives full consideration to defendant's Fourth Amendment claims." *Mincey v. Head*, 206 F.3d 1106, 1125 (11th Cir. 2000) (citations omitted); *see also Tukes v. Dugger*, 911 F.2d 508 (11th Cir. 1990).

In the instant case, Beckwith has not demonstrated that the hearing conducted by the state trial court on his motion to suppress and the state district court of appeal's consideration of the denial of that motion denied him the opportunity of full and fair litigation of his Fourth Amendment claims. *See Mingo*, 2007 U.S. Dist. LEXIS 11676, 2007 WL 570005 at *2. A review of the procedures in Beckwith's case shows that he was afforded the opportunity to develop his claims and have them adjudicated in the state courts and thus, he cannot relitigate the same claims here in this federal habeas petition. Beckwith's allegations of state trial court

error in denying his motion to suppress are insufficient to avoid the *Stone* bar to federal habeas review. *See Mathews v. Crosby*, 2005 U.S. Dist. LEXIS 37872, 2005 WL 3556041 at *8 (M.D. Fla., Dec. 29, 2005) (citations omitted).  Therefore, Beckwith's claim is not reviewable by this Court.

**Conclusion**

For the foregoing reasons, the Court finds that Petitioner is not entitled to federal habeas relief.

ACCORDINGLY, the Court **ORDERS** that:

1.     Respondent's response/motion to dismiss is **GRANTED** (Dkt. 6).

2.     The Petition for Writ of Habeas Corpus is **DENIED**  (Dkt. 1).

3.     The **Clerk** shall enter judgment against Beckwith, terminate all pending motions, and close this case.

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED**

IT IS FURTHER ORDERED that Beckwith is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). *Id*. "A [COA] may issue -- only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong,"

6

*Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further, ' " *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, (1983)). Beckwith has not made the requisite showing in these circumstances.

Finally, because Beckwith is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on April 14, 2008.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: All Parties/Counsel of Record

7